

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

_____

*Nemours Building*                                    *(302) 573-6277*
*1007 Orange Street, Suite 700*                  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

June 7, 2007

The Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324
Lockbox 19
Wilmington, DE 19801

      Re:   **United States v. Claven Anderson**
           **Criminal Action No. 07-00009-GMS**

Dear Judge Sleet:

      The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing.

           Respectfully submitted,

           COLM F. CONNOLLY
           United States Attorney

      BY:            /s/_____
           Seth M. Beausang
           Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esq.
       Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-00009-GMS |
| | ) | |
| CLAVEN ANDERSON, | ) | |
| a/k/a/ "Rasta" | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Seth M. Beausang, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Claven Anderson, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the one-count indictment returned against him, charging him with knowlingly selling counterfeit obligations of the United States, that is, counterfeit $10 and $20 Federal Reserve Notes, in violation of 18 U.S.C. § 472, which statute carries a maximum sentence of a term of imprisonment of twenty years, a fine of $250,000, or both; three years of supervised release; and a $100 mandatory special assessment.

2.    The defendant understands that if there were a trial, the Government would have to prove the elements of the offense charged in the indictment as follows.  The Government would have to prove that (1) the defendant knowingly and with the intent to defraud; (2) sold counterfeit obligations of the United States.

3.    Provided that the Government does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the Government agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guidelines Section 3E1.1(a).

4.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence.  At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge.  The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines.  The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.    The defendant agrees to pay the $100 special assessment on the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6.    The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

2

7.    It is further agreed by the undersigned parties that this Memorandum supersedes all

prior promises, representations, and statements of the parties; that this Memorandum may be

modified only in writing signed by all the parties; and that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect

whatsoever, unless they comport with the subsequent written modifications requirements of this

paragraph.

COLM F. CONNOLLY
United States Attorney


_____          By:_____
Eleni Kousoulis, Esquire                       Seth M. Beausang
Attorney for Defendant                         Assistant United States Attorney


_____
Claven Anderson
Defendant


Dated:


**AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum

of Plea Agreement is hereby (accepted) (rejected) by this Court.


_____
The Honorable Gregory M. Sleet
United States District Judge
District of Delaware